First case this morning is case number 4110341. That is People v. Gannon for the appellant Christopher Bradley for the appellate David Manchin. Please proceed Mr. Bradley. Before you may it please the court, counsel, here this morning I think, based on my research, I think counsel didn't find anything else in his brief either, what's one of first impression in this court, second district has construed the statute and that's subsection E or subparagraph E of what I'll commonly know as the task provisions under the compiled statutes. Specifically, and it's laid out in my brief, I'm not going to stand up here and restate all my arguments, but I guess I'd like to flesh some of them out this morning. We have here a case where an individual completed the task program, after having been admitted to that program and found eligible for it, completed it I think in textbook fashion, all of the treatment recommendations, paid all of his fines and costs, maintained employment and basically rebuilt his life in a fairly short period of time having made a serious error in his life. A timely motion to vacate the judgment had been filed pursuant to that paragraph, subparagraph E, and the court denied it. In this case, and as the court well knows from reading the brief and the record in this case, my client was a former, was at the time a Decatur, Illinois police officer, developed a substance abuse problem and pled guilty to three counts of class 3 felonies of possessing cocaine while on duty. Actually, the charge was official misconduct. As part of the agreement, three other counts were dismissed. He did plead guilty to these three counts, was admitted to task, and as I stated a minute ago, completed all the requirements of that. The court, and one of the main reasons I think we're here this morning in denying the motion to vacate the judgment, stated that he wanted to make sure that my client never worked in law enforcement again and focused really exclusively on the fact that he'd been a police officer at the time the crime was committed. It's our position, Your Honors, that this was an arbitrary and unreasonable application and that under the applicable standard of review, which is abuse of discretion, it should be reversed. Language of the statute states that if the defendant fulfills the requirements of the task program, and we have unrebutted evidence here that Mr. Gannon did, the court shall discharge him from probation and vacate the judgment. Unless, in the critical languages here, having considered the nature and circumstances of the offense and the history, character, and condition of the individual, the court finds the motion should not be granted. Well, how could you not focus on the circumstances of the offense being that the offenses were committed while on duty? Plainly, that was the trial... Well, then you're on duty doing what? A janitor at a school? Or a police officer? I mean, I understand your argument about the focus on, well, there's a certain category, but couldn't this case have been different if the drug dependency was shown did not affect performance and did not occur on duty? Might it then be that the court would use its discretion and exercise it in a different way? Might be. I don't think there, in this case, Justice Kinect, I don't think there was evidence of that. There was no evidence that it affected his performance. No, I mean, if there were affirmative evidence showing, yes, I had a substance abuse problem, but it did not... to the extent I never did it on duty. I mean, that would be a different case, obviously, but that would be one where the court might use the discretion that it's afforded it in a different way. I don't know that, certainly there isn't any mention of that on this record. Right, I understand. Had that been the case, and I don't know how you would have demonstrated that as a practical matter, other than maybe self-serving testimony, and we get a lot of that in these cases. But I think that the focus on law enforcement, and I understand the trial judge's concern. Certainly we have a police officer here that's charged with enforcing the law, but we also have a person who's found to have a substance abuse problem, an addict. And that is precisely the type of defendant that this statute plainly was designed to address. Someone who, whether they're a policeman or a lawyer or a doctor or an accountant, that falls into this addiction and allows them the opportunity to get proper treatment and avoid ruining their life with a felony conviction. The court's focus in this case was that there's nothing else on this record other than this is a police officer, he possessed cocaine while on duty as a police officer, therefore, you know, I'm going to deny the remedy sought. And I think the court also kind of glossed over some of the other things, because there is a lot of positive stuff on this record. We have a defendant here whose testimony was he had gone out and obtained full-time employment, apparently good employment, in another field, had gotten things back together with his family, was active in his church. He had an extensive military record, which apparently was unblemished, as was apparently his record as a Decatur police officer. And fortunately, because of his involvement with substance abuse, it led him down the wrong road and destroyed a career. And so I think that the court simply didn't maybe overlook those, or maybe it was overshadowed by the fact that we had a former policeman before the court in this case. The McGregor case, which is cited in my brief, is the only case that I was able to locate that addressed or construed this particular provision of our law. That case, I think, is something quite different there. We had a gang situation. The factual basis in that case showed that there may have been a robbery committed as part of this larger criminal, not enterprise, but act that that defendant was involved in. Furthermore, that defendant, I think, stashed a gun and hid it from the police. So we had a completely different type of criminal behavior. Here, the sole criminal behavior was possession of cocaine, ultimately, which is the basis for this official misconduct charge. We don't have sale of drugs, anything of that nature. My client simply was in the grips of this drug and admitted that and sought treatment for it. And I touched on this earlier. I think it's important also, and this goes to the heart of my argument, that my client's employment status was unreasonably the focus of the court's rationale here. The legislature did not create any exceptions to this. There are, in an earlier portion of that statute, certainly exceptions in determining whether or not an individual is eligible for the task program. He was eligible. He met all those criteria, but the legislature, if they wanted to treat law enforcement officers differently or any other profession differently, they certainly could have done so. And they did not. They simply stated that if the court found that the circumstances of the offense and the history, character, and condition of the individual were such that it would not be in the best interest here, then they could deny the motion to vacate. And the sole criteria used by our court, apparently, was his employment status. When Mr. Gannon was originally put on task probation, did the state agree that he should be placed on task probation? Did the state object or just silently acquiesce, or does it make any difference for purposes of your motion? I don't recall whether it was agreed or not. I don't think it makes any difference for purposes of my motion, because the court is required under the statute to make the finding that he meets criteria. This criminal activity brought about by addiction, that he meets the other criteria. That's a predicate or a prerequisite for entry into the program. Well, the court is not required to put a defendant on task probation just because the criteria are met, correct? That's correct. So your position, then the position the state takes, doesn't really make any difference? I don't think for our purposes here. I thought you might argue that, well, if the state agreed that he was a candidate for task probation, it would be inconsistent for them to now argue that your motion shouldn't be granted in as much as he completed the task probation successfully. Well, let me point out one additional provision. This is subparagraph B of that statute. The court, on the basis of the report and other information, finds that an individual suffers from alcoholism or other drug addiction and is likely to be rehabilitated through treatment. It then states that the individual shall be placed on probation under the supervision of a designated program for treatment, etc. And then it goes on to say, unless the court is of the opinion that, and I'm quoting here, no significant relationship exists between the addiction or alcoholism of the individual and the crime committed, or that his imprisonment or periodic imprisonment is necessary for the protection of the public, and so on. So almost by definition, the court's making this finding that it's the addiction that has created the criminal behavior, and that this person is likely to be rehabilitated by going through the program. So we have that threshold issue. He's admitted to task then, so we can presume at least that the court found that to be the case by admitting him into the program. Then we go through the program, as Mr. Gannon did. And again, the record here is going to show that he did it, I think, in almost record time, took this very seriously. At the end of that, then the judge says, no. He completed the program, but I find now that because of what you were doing for a living, and the fact that I don't want you to do that anymore, I want to make darn sure, we're going to deny your motion. So I think that, and just rereading that statute this morning here, preparing for our argument, I ran across that, and it struck me. I didn't argue that extensively, or I didn't argue it at all in my brief, but it's certainly part of the statute that's at issue before the court. So I would ask the court also to look at that. That's essentially my argument. I'm going to set it out in the brief, but again, I won't belabor it if the court doesn't have any other questions. You'll have rebuttal. Thank you. Thank you very much. Good morning, Your Honors. Mr. Pleasant Court, Counsel. This case boils down to a simple exercise of the discretion of the trial court. There is nothing in the statute that says that if the person completes tasks, the court has to grant the motion to vacate in every case. It's left up to the judge. Even if he's eligible to be put on task and liable to be rehabilitated, it shows that rehabilitation, the trial court still has the discretion to decide no, because of the nature of the offense or because of the history of the person. Well, then what's the purpose of putting someone on task probation in the first place? Well, it's an alternative to putting them in prison or the standard. So it's probation. It's standard probation. So is it 4-10, it used to be 14-10, 4-10? Yes, it is an alternative. It's not an automatic thing that you complete tasks, it's automatic vacation. The trial court has the discretion at both ends, okay, are you liable to be rehabilitated? Yes, I'll put you on there. Now that you've completed it, do we vacate the conviction or do we leave it on the books because of the nature of the crime or because of whatever other history is involved? Well, let me ask a practical question. It has nothing to do with the law, it just has to do with reality. If a person is convicted and is sentenced to task probation, and at the end of task probation his conviction is expunged, does that make the record of what happened ever go away? I don't believe it does, Your Honor. So my point is, if somebody was applying to become a police officer with some municipality or county or state or whatever, and they do a criminal background check, are they going to be able to find this anyway? It's likely that they'll be able to, but it's... So if that is the case, what is the point of denying the requested relief? Well, it is easier to find the criminal conviction than this, and I don't recall in the statute what it says as far as what happens when a case is expunged or vacated. In a certain clerk's office, there's still going to be a People v. Gannon. That's never going to go away, is it? No, but if it shows it is vacated, then the... But if you're doing a background check and say People v. Gannon, conviction, vacated, aren't you going to look at the file and say, well, what's going on here? That's likely, but then you still have the other question that Traj was also interested in in his statements, was how the public perception of this, that this guy is getting a walk because he's a police officer. I mean, it's two sides of the same coin. The standard for abuse of discretion was a trial court's action unreasonable, arbitrary, frivolous, or no reasonable person would agree with the position taken by the trial court. This court may disagree or would have ruled differently if they were in this position, but that's not the standard. And the trial judge here just thought because of the nature of the crime, it would be better to not vacate. And I think that that's well within his discretion. The fact that, as Your Honor noted, there are variations in types of official misconduct, like an aggravated battery. You can take the fact that somebody's injured is inherent in the offense, but you can still look at the extent of the injury or the type of the injuries in sentencing to determine what end of the scale of aggravated batteries this falls on. The trial judge can look at the nature of this crime to say, okay, in the scale of official misconduct from misusing your state car for private purposes to trying to sell a Senate seat, that this one falls more towards one end of the spectrum than the other and could make his determination accordingly. So I do not think the trial court views discretion in either denying the motion or considering the status of the person as a police officer as going to the nature or the seriousness of the offense. Not only is this a police officer whose duty is to prevent drug use and drug sales, he's using drugs while on duty. And I think that that does fall more towards the higher end of the scale than something else might. And I think that the trial judge's position was entirely reasonable. Reasonable minds could differ, but that's not the standard for reversing the trial court decision. If there are no further questions. Mr. Manchin, I didn't want you to focus on this before your argument. I don't like to wear ties, but I do. You wear one, button the top button, and pull the tie up. Now we'll have rebuttal. Just briefly, I'd like to address Justice Appleton's question concerning it as a practical matter. Certainly the fact that an individual is terminated, as obviously happened here, is still going to come to light in a future job application and the reasons for that. I think the only thing that happens is that you end up without the felony conviction. Counselor, are you sure about that? If the court had granted this motion, wouldn't the defendant be allowed then to have the record expunged so that there would be no record of either arrest or conviction? No record with the entities that are subject to that order. The police department, I guess potentially the state police would be subject to that. In addition, the circuit clerk would seal that file. I don't want to go too far outside the record, but under the expungement law, that's what you do. As a practical matter, perhaps Your Honor was thinking of this, in this day and age of computers, there are all sorts of private entities out there that have this information and that are not subject to an expungement order. I'll just put that out there. I think your biggest hurdle is what Mr. Manchin pointed out, is that perhaps the three of us would have ruled differently, but the trial court exercised its discretion and you're asking us to say that no reasonable person could have taken the view that the trial court adopted. How do you get around that? Well, I've been doing this a long time and I'm quite aware that I've got quite a hurdle here to get over on the abuse of discretion issue. Counsel correctly stated that nothing in this statute requires the judge, in every case, to vacate the judgment. That's not what the statute says. It leaves the court an opening there. But my position is, and I feel pretty strongly about it, is that there was abuse of discretion here. The court looked only at one factor, which was his job, and I'm not saying that that's insignificant or irrelevant. It's not. But there are a lot of other reasons here to grant the motion. Instead, the trial judge focused on that one thing. And that, I believe, was an abuse of discretion. Okay, thank you very much to both of you. The case is submitted and the court stands in recess.